UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SALINAS VALLEY STATE PRISON; et al.,<br><br>　　　　Defendants.　　　　　　　／ | No. C 09-3243 MHP (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

### INTRODUCTION

Moody Woodrow Tanksley, currently in custody at Atascadero State Hospital, filed a pro se civil rights complaint under 42 U.S.C. § 1983 concerning his medical care while he was a prisoner at Salinas Valley State Prison. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

### DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

Plaintiff alleged in his complaint that in June 2009, unidentified staff persons failed to treat his chest pains arising from blood clots. His complaint made confusing allegations that suggest at one place medical staff refused to treat him and at another place that custodial staff caused the denial of treatment.

The complaint does not state a claim upon which relief may be granted against the defendants. Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Plaintiff's allegations did not provide sufficient information to put any defendant fairly on notice of the claims against him or her.

First, in his amended complaint, plaintiff must allege what the defendants did or failed to do that amounted to a denial of medical care, e.g., whether plaintiff requested treatment

2

and received treatment with which he disagrees, whether he received treatment that he thinks was inadequate, or whether he was simply given no treatment. He must provide details of what he asked for and what the defendants did.

Second, plaintiff needs to link individual defendants to his claim. In his amended complaint, he needs to link each defendant to his claim by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.

The court notes that plaintiff's handwriting is very difficult to read because it is so squished together. In future filings, he should not write more than 28 lines of text per page and should use great care to make his writing legible.

Finally, administrative remedies must have been exhausted for each claim asserted in a federal civil rights complaint before the action is filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **April 23, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not

3

alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: March 22, 2010

$\overline{\phantom{XXXXXXXXXXXXXXX}}$
Marilyn Hall Patel
United States District Judge